# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| ANDREA C. SMITH, | : | |
| | : | |
| Debtor. | : | Bankruptcy No. 03-38383KJC |

## ORDER

**AND NOW,** this 24th day of June, 2005, upon consideration of the Motion of Wells Fargo Bank Minnesota, N.A. as Trustee for Registered Holders of Option One Mortgage Loan Trustee 2000-D, Asset-Backed Certificates, Series 2000-D, Without Recourse to Reopen Case and to Annul the Automatic Stay (Docket No. 66)("Motion"), the answer and joinder of Jason Fyk and William L. Shipp thereto (Docket No. 68), the Debtor's opposition thereto (Docket Nos. 63, 75), after hearings held on May 24, 2005 and June 21, 2005, it is hereby

**ORDERED and DECREED** that the Motion is DENIED.[1]

---

[1] The Movant seeks reopening of this chapter 13 case for an order annulling the automatic stay. The bankruptcy court has broad discretion in determining whether to reopen a bankruptcy case, <u>Batstone v. Emmerling</u> (<u>In re Emmerling</u>), 223 B.R. 860, 864 (B.A.P. 2d Cir. 1997).

This chapter 13 proceeding was commenced on December 17, 2003, dismissed on June 15, 2004 and closed on July 14, 2004. Here, the Movant acknowledged at the May 21, 2005 hearing before this Court that it proceeded with a sheriff's sale of the Debtor's real property held on December 19, 2003, with knowledge of this bankruptcy. Indeed, the December 28, 2004 order of the Honorable William P. Mahon of the Court of Common Pleas of Chester County, Pennsylvania, a copy of which is attached to the Motion, states: "...the Sheriff's sale proceeded on December 19, 2003 at the insistence of [Movant] despite the Office of Sheriff staying the sale because of Ms. Smith's bankruptcy filing." <u>Wells Fargo Bank Minnesota, N.A.; Trustee v. Smith</u>, No. 02-2350, Order at n.1 (C.C.P. Chester County, PA Rec. 28, 2004).

The Motion alleges that the Debtor and her husband, Jerome J. Smith, have engaged in a series of bankruptcy filings designed "to improperly circumvent Movant's foreclosure action and the ultimate sheriff's sale at the property." Motion, ¶ 31.

The Movant's reasoning in proceeding with the scheduled sale after the bankruptcy filing was

BY THE COURT:


KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Copies to:

Andrea C. Smith
28 Prout Drive
Coatesville, PA 19320

Joseph F. Claffy, Esquire
Joseph F. Claffy & Associates, P.C.
100 South High Street
West Chester, PA 19382

Heidi R. Spivak, Esquire
Marisa Joy Myers, Esquire
Udren Law Offices, P.C.
Woodcrest Corporate Center
111 Woodcrest Road, Suite 200
Cherry Hill, NJ  08003-3620

William Shipp
c/o J. Timothy Arndt, III, Esquire
Arthur Sagnor, III, Esquire
Lachall Cohen & Sagnor

---

that it believed that the Debtor was subject to a bar order that prohibited her bankruptcy filing.  As it turns out, it was Mr. Smith, not the Debtor, who was subject to a bar order.  But even had the Debtor been subject to a bar order, the automatic stay still prohibited conduct of the sale.

It may well be that the Debtor and her spouse have engaged in bad faith or abusive conduct and the Movant understandably frustrated by these multiple filings.  However, as the Movant knows, there are various forms of relief it may seek to address any abuse.  These remedies include, among others, so-called in-rem relief and various other sanctions.

This Court is no safe harbor for abusive filers.  See, e.g., In re: Legree, 285 B.R. 615 (Bankr.E.D. Pa. 2002).  Despite the alleged culpability of the Debtor's conduct, this Court will not countenance an intentional violation of the automatic stay by a creditor, particularly one which proceeded with a foreclosure sale even in the face of the Sheriff's proper resistance.

The sheriff's sale having taken place in obvious violation of 11 U.S.C. § 362(a), such sale is null and void, Maritime Electric Co. v. United Jersey Bank, 959 F.2d 1194, 1206 (3d Cir. 1991).

For these reasons, this case will not be reopened to accord relief to the Movant.

144 W. Market Street
West Chester, PA 19382

Option One Mortgage Corporation
945 Old Wilmington Pike
Coatesville, PA 19320

Honorable William T. Mahon
Court of Common Pleas
Chester County Courthouse
2 N. High Street
P.O. Box 2748
West Chester, PA 19380-0991

William C. Miller, Esquire
(Chapter 13 Trustee )
111 S. Independence Mall
Suite 583
Philadelphia, PA 19106

Frederic J. Baker, Sr., Esquire
Senior Assistant United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

Walter Stoertz, Acting Clerk, U. S. Bankruptcy Court
Pamela Blalock, Courtroom Deputy Clerk